**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| DEMEKCO FLAGG, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 11-2265 |
| | ) | |
| ANDREW K. OTT,  Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

On November 4, 2011, Petitioner, Demekco Flagg, submitted a pro se Petition

Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) to

this court.  On May 23, 2012, Respondent filed a Motion to Dismiss Habeas Petition as

time-barred or, alternatively, to stay petition or dismiss with leave to reinstate (#10).

Petitioner filed his Reply (#12) on June 7, 2012.

This court has carefully reviewed the arguments of the parties and the exhibits

filed in this case.  Following this review, Respondent's motion to stay Petitioner's

Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus by a Person in State Custody

(#10) is GRANTED.

## FACTS

Petitioner Demekco Flagg is incarcerated at the Graham Correctional Center in

Hillsboro, Illinois, where he is in the custody of Andrew Ott, the warden of that facility.

 In a March 2007 bench trial, Petitioner was convicted of (1) unlawful possession

of a controlled substance with intent to deliver, (2) unlawful possession of a controlled

substance, (3) unlawful possession of cannabis with intent to deliver, and (4) unlawful

possession of cannabis with a prior unlawful possession of cannabis conviction.

Petitioner was sentenced to twenty years (count 1) and three years of imprisonment

(count 3), to be served concurrently, with counts 2 and 4 merging into counts 1 and 3. On

May 22, 2008, the Illinois Appellate Court affirmed Petitioner's convictions and

sentences. On September 24, 2008, the Illinois Supreme Court denied Petitioner's

petition for leave to appeal (PLA). Petitioner did not file a petition for writ of certiorari in

the United States Supreme Court.

On September 16, 2008, Petitioner filed a postconviction petition in the Circuit

Court of Macon County, which was denied on September 22, 2008. On February 9, 2010,

the Illinois Appellate Court affirmed the decision of the Circuit Court, and on September

29, 2010, the Illinois Supreme Court denied Petitioner's PLA.

Petitioner filed a motion for leave to file a successive postconviction petition in the

Circuit Court of Macon County. The court denied the motion on August 25, 2011.

Petitioner appealed the denial, and the matter is currently pending review by the Illinois

Appellate Court.

Petitioner filed this pro se Petition for Writ of Habeas Corpus (#1) on November 4,

2011, which contains the same three claims raised in Petitioner's successive

postconviction petition.

## ANALYSIS

28 U.S.C. § 2244 imposes a one-year statute of limitations on petitions for a writ

of habeas corpus. The limitations period is tolled during the pendency of a properly filed

postconviction petition.  28 U.S.C. §2244(d)(2).  Here, the limitations period started to run on September 30, 2010, one day after the Supreme Court of Illinois denied Petitioner's postconviction petition for leave to appeal.

   On August 23, 2011, 327 days into the one-year limitation period, Petitioner filed his motion for leave to file a successive postconviction petition.  The state court denied Petitioner leave to file the petition two days later.  Neither the pendency of a request for leave to file a successive postconviction petition, if ultimately denied, nor the appeal from this denial tolls the limitations period.  United States ex rel. Laughlin v. Gaetz, 2011 WL 336143, at *3-*4 (N.D. Ill. Jan. 31, 2011) (citing Martinez v. Jones, 556 F.3d 637, 638-39 (7th Cir. 2009)).  However, if the Illinois Appellate Court reverses the holding of the lower court and Petitioner is allowed leave to file a successive postconviction petition, then the one-year limitations period would be tolled throughout the pendency of proceedings concerning that successive petitioner.  Accordingly, Petitioner's Petition for Writ of Habeas Corpus, which is otherwise untimely, would be timely.

      District courts possess the discretion to stay a petition for writ habeas corpus. Dolis v. Chambers, 454 F.3d 721, 725 (7th Cir. 2006).  Because the timeliness of the Petitioner's Petition for Writ of Habeas Corpus is dependent upon the decision of the Illinois Appellate Court, this court finds it appropriate to stay this Petition until the conclusion of the state proceedings.  While stay is only appropriate when the Petitioner's unexhausted claims are not "plainly meritless" under Rhines v. Weber, 544 U.S. 269, 277 (2005), an appellate court reversal could lead to a decision on the merits.  Therefore, this

court finds that staying Petitioner's Petition for Writ of Habeas Corpus (#1) is the best course of action.

IT IS THEREFORE ORDERED THAT:

(1) Respondent's Motion to Stay Petition (#10) is GRANTED.

(2) Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) is STAYED. Petitioner is directed to notify this court within 30 days following the decision of the Illinois Appellate Court.

ENTERED this 27th day of June, 2012

s/MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE